UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONA LISA SCHULZ,<br><br>Plaintiff,<br><br>v.<br><br>CISCO WEBEX, LLC, et al.,<br><br>Defendants. | Case No.  13-cv-04987-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 30 |

In this action for breach of contract and related tort claims, Defendants move to dismiss certain parties and claims from Plaintiffs' First Amended Complaint.  The Court heard oral argument on May 15, 2014, after which the Court took the matter under submission.  Having considered the papers and arguments made, for the reasons set forth below, the Court GRANTS Defendants' motion to dismiss with leave to amend.

## I.   BACKGROUND

Plaintiff Dr. Mona Lisa Schulz filed her initial Complaint against Defendants Cisco WebEx, LLC ("Cisco") and WebEx Communications, Inc. ("WebEx Communications") on October 25, 2013, asserting claims based in contract and tort.  On December 11, 2013, by stipulation of the parties, Dr. Schulz filed a First Amended Complaint ("FAC") wherein ML, Inc. ("ML") was added as a plaintiff.  (FAC, ECF 27)

The dispute centers on a contract for services in connection with Cisco's online videoconferencing product, "Event Center."  (*Id.* ¶ 20)  Plaintiffs did not attach the contract to the FAC, but allege that ML entered into the contract with Defendants—whom Plaintiffs refer to jointly as "WebEx"—on November 29, 2011.  (*Id.*)  Dr. Schulz is a "medical intuitive" and the

United States District Court
Northern District of California

president of ML. (*Id.* ¶¶ 6, 14)  Plaintiffs allege that the purpose of the contract was to allow Plaintiffs to host and record online sessions of Dr. Schulz's "medical intuitive" classes for up to 500 attendees, as well as other online services in connection with those events. (*Id.* ¶¶ 23-24) Plaintiffs assert that they subsequently experienced numerous technical problems with Defendants' service, including Defendants' inability to "properly install its products on plaintiffs' Macintosh Computer" despite representations that Dr. Schulz could host events on said computer; Defendants' inability to "record plaintiffs' lectures and seminars"; and poor audio quality during certain live events. (*Id.* ¶¶ 26-30, 37-38)  Thereafter, and following Defendants' inability to resolve those issues through technical support, Defendants annulled the contract. (*Id.* ¶¶ 31-32) Plaintiffs assert that the technical problems permanently damaged "plaintiffs' professional reputation and good-will," and that Plaintiffs also had to refund money to "many of plaintiffs' customers." (*Id.* ¶¶ 34-35)  As such, Plaintiffs allege causes of action for breach of contract, restitution based on unjust enrichment/quasi-contract as an alternative remedy, and negligent performance of contractual duties, a tort claim for which Plaintiffs seek punitive damages.

On January 13, 2014, Defendants filed a motion to dismiss the following claims:  (1) all claims against WebEx Communications; (2) Dr. Schulz's claims for breach of contract and restitution; (3) ML's claim for restitution; and (4) Plaintiffs' claim for negligent performance of contractual duties, including their claim for punitive damages.  Plaintiffs filed opposition on March 10, 2014, and Defendants replied on March 24, 2014.

On May 15, 2014, the Court held oral argument on the motion, with Michael D. Kanach, counsel for Plaintiffs, and Craig C. Crockett and Yelitza V. Dunham, counsel for Defendants, in attendance.  During oral argument, Plaintiffs' counsel requested on the record that WebEx Communications be dismissed from the action, without prejudice.  Defendants did not object.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003).  Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable

No. 13-cv-04987-BLF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

United States District Court
Northern District of California

1    legal theory" or on "the absence of sufficient facts alleged." *Balistreri v. Pacifica Police Dept.*,

2    901 F.2d 696, 699 (9th Cir. 1988).

3            Generally, a motion to dismiss pursuant to Rule 12(b)(6) must be decided on the face of

4    the complaint.  Consideration of matters outside of the complaint may require the conversion of

5    the motion into one for summary judgment.  Fed. R. Civ. P. 12(d).  The Court may, however,

6    consider materials incorporated by reference into the complaint without converting the motion into

7    one for summary judgment, provided the authenticity and relevance of such materials are not

8    reasonably in dispute.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Knievel*

9    *v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

10           To survive a motion to dismiss, a complaint must plead sufficient "factual matter, accepted

11   as true" to "allow[] the court to draw the reasonable inference that the defendant is liable for the

12   misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In assessing the sufficiency of

13   the pleadings, the Court "accept[s] *factual* allegations in the complaint as true and construe[s] the

14   pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire &*

15   *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (emphasis added).  The Court need not

16   accept as true "conclusory allegations that are contradicted by documents referred to in the

17   complaint," *id.*, or "legal conclusions cast in the form of factual allegations if those conclusions

18   cannot reasonably be drawn from the facts alleged," *Clegg v. Cult Awareness Network*, 18 F.3d

19   752, 754-55 (9th Cir. 1994).

20           If a motion to dismiss is granted, a court should normally grant leave to amend, "even if no

21   request to amend the pleading was made," unless amendment would be futile.  *Lopez v. Smith*, 203

22   F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotations omitted).

23   **III.    DISCUSSION**

24           Defendants' motion raises essentially four defects with the FAC: (1) that WebEx

25   Communication is not a proper party in this action because it was not a party to the contract; (2)

26   that Dr. Schulz failed to state any contract claims because she was not a party to the contract; (3)

27   that ML cannot, as a matter of state law, plead a claim for restitution based on unjust enrichment;

28   No. 13-cv-04987-BLF
     ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

United States District Court
Northern District of California

and (4) that Plaintiffs failed to state a claim in tort for negligent performance of contractual duties, and for punitive damages thereunder.  (*See* Def.'s Mot., ECF 30)  Because Plaintiffs have requested that WebEx Communications be dismissed without prejudice, the Court will only address the alleged deficiencies relating to Dr. Schulz's claims and ML's claims for restitution and negligence.

### A.    Request for Judicial Notice

As a preliminary matter, Defendants have filed a Request for Judicial Notice ("RJN") asking that the Court take notice of four documents: (1) the contract at issue, which was not attached to the FAC; (2) the "WebEx Terms and Conditions" incorporated by reference into the contract; (3) a State of Delaware Certificate of Conversion from a Corporation to a Limited Liability Company for WebEx Communications; and (4) a State of Delaware Limited Liability Company Certificate of Formation for Cisco.  (Def.'s RJN, ECF 31)[1]

In the context of a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the "incorporation by reference" doctrine permits a Court to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (2005) (citations and quotations omitted).[2]  This doctrine extends to situations such as the one here, where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the

---

[1] Plaintiffs also alluded to a request for judicial notice of exhibits attached to their opposition brief.  (*See* Pl.'s Opp. 9:21-24, ECF 40 (referring to "Bellovin Decl. in Opposition to Defendants' Motion to Dismiss First Amended Complaint *and Request for Judicial Notice*" (emphasis added))).  However, Plaintiffs have made no request for judicial notice, nor explained why the exhibits they have submitted are judicially noticeable.  Furthermore, the exhibits are not appropriate for incorporation by reference into the FAC.  As they are not relevant to the Court's analysis, the Court declines to consider those exhibits.

[2] Although Plaintiffs quote *Knievel* in support of their apparent opposition to the Court's consideration of documents outside of the complaint, (Opp. 7:11-15), the case actually provides a contrary holding that is directly applicable to this case.

No. 13-cv-04987-BLF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

United States District Court
Northern District of California

1   complaint." *Id.*; *see also Coto Settlement*, 593 F.3d 1031, 1038.

2        Here, Plaintiffs allege the existence of a contract and allude to its contents, but do not

3   attach the contract at issue.  (FAC ¶¶ 20, ¶ 22-24)  Defendants attached the contract and the

4   "WebEx Terms and Conditions" incorporated by reference therein to their motion to dismiss.

5   (RJN Exs. 1-2)  Plaintiffs have not disputed the authenticity of either of these documents.[3]  In fact,

6   although appearing to object to the Court's consideration of documents outside of the complaint,

7   Plaintiffs cite to the contract in their opposition to the motion to dismiss.  (Pl.'s Opp. 3:16, ECF

8   40)  Additionally, while Plaintiffs challenge the enforceability of the limitation on liability

9   contained within the "WebEx Terms and Conditions," they do not contest the authenticity or

10  relevance of this document.  (*Id.* at 15-20)  The Court therefore finds judicial notice is not required

11  because the contract and its terms and conditions are incorporated by reference into the FAC.

12       Defendants' Exhibits 3 and 4 were offered in support of Defendants' contention that

13  WebEx Communications is not a proper party to this lawsuit.  Because Plaintiffs have voluntarily

14  dismissed WebEx Communications, the Court need not consider Exhibits 3 and 4.

15       The Court will therefore consider Exhibits 1 and 2 under the incorporation by reference

16  doctrine and DENY the Request for Judicial Notice as moot.

17  **B.    Dr. Schulz's Claims**

18       Defendants contend that Dr. Schulz does not have standing to bring a contract or quasi-

19  contract claim against Cisco because she is not a party to the contract at issue, which is between

20  Cisco and ML.  (Mot. 9-11)  Plaintiffs, in turn, argue that Dr. Schulz is a third party beneficiary of

21  the contract because ML and Cisco entered into the contract for her benefit and were "undoubtedly

22  aware that the purpose of the Agreement was for Dr. Schulz, and no one else, to give online

23  
_____

24  [3] At the May 15, 2014 oral argument, counsel for Plaintiffs objected, for the first time, that the
    version of the "WebEx Terms and Conditions" that Defendants submitted to the Court had been
25  revised during the time period that the underlying contract was in effect.  Defendants' counsel was
    given an opportunity to examine the revised version of the document that Plaintiffs uncovered, and
26  Defendants' counsel represented orally that the material provisions at issue in this case are
    unchanged.  Plaintiffs did not provide the Court with the revised version of the "WebEx Terms
27  and Conditions."

28
    No. 13-cv-04987-BLF
    ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

United States District Court
Northern District of California

United States District Court
Northern District of California

1   lectures and seminars and to use Defendants' services for her live courses and presentations."

2   (Opp. 8:19-20)  While Plaintiffs are correct that the third party beneficiary contract doctrine is an

3   available legal theory, the allegations in the FAC fail to establish that Cisco and ML intended to

4   confer a benefit upon Dr. Schulz as a third party beneficiary to their contract.

5        Under California law, "[a] third party qualifies as a beneficiary under a contract if the

6   parties intended to benefit the third party and the terms of the contract make that intent evident."

7   *Karo v. San Diego Symphony Orchestra Ass'n*, 762 F.2d 819, 821–22 (9th Cir. 1985) (citing

8   *Strauss v. Summerhays*, 157 Cal. App. 3d 806, 816 (1984)).  "Whether the third party is an

9   intended beneficiary . . . involves construction of the intention of the parties, gathered from

10   reading the contract as a whole in light of the circumstances under which it was entered."  *Prouty

11   v. Gores Tech. Gr.*, 121 Cal. App. 4th 1225, 1233 (2004).  Thus, to survive a motion to dismiss

12   under Rule 12(b)(6) Plaintiffs must allege sufficient facts in the FAC from which the Court can

13   infer that Dr. Schulz was an intended third party beneficiary of the contract between ML and

14   Cisco.[4]

15        First and foremost, the contract at issue does not expressly identify Dr. Schulz as an

16   intended third party beneficiary.  The contract identifies only ML as the "subscriber," and the

17   associated terms and conditions pertain only to the "subscriber."  (RJN Exs. 1-2)  Plaintiffs point

18   to the fact that the requested domain is "drmonalisa.webex.com," and that Dr. Schulz signed the

19   contract using her personal email address as evidence that the contract "was clearly formed and

20   entered into for the benefit of Dr. Schulz."  (Opp. 9)  However, a corporation is made up of

21   individuals, and the Court is unaware of any authority that states that a contract between

22

23   _____

24   [4] Although the parties have briefed the issue of Dr. Schulz's standing to maintain contract claims
     against Cisco as a jurisdictional matter pursuant to Federal Rule of Civil Procedure 12(b)(1),
     whether or not a third party to a contract may plead a claim for relief under that contract is more
25   properly analyzed under Rule 12(b)(6).  *See Smith v. Cent. Ariz. Water Conservation Dist.*, 418
     F.3d 1028, 1038 (9th Cir. 2005) (district court properly dismissed complaint pursuant to Rule
26   12(b)(6) after determining plaintiffs were not third-party beneficiaries of contract).  As such, the
     Court examines the FAC to determine whether Dr. Schulz has stated a claim as a third party
27   beneficiary of the contract between ML and Cisco.

28

No. 13-cv-04987-BLF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

1    corporations always has, as an intended third party beneficiary, the individuals who sign the

2    contract on behalf of corporations.[5]

3            The contract terms being unavailing, the Court turns to the FAC, which is devoid of any

4    factual allegations about the intent of the contracting parties.  The FAC states only that "ML

5    entered into a contract with [Defendants]," (FAC ¶ 20), and that the purpose of the contract was

6    "for plaintiffs to use [certain] features with Event Center," (*id.* ¶ 24).  The FAC appears to treat

7    Dr. Schulz and ML as one and the same and makes no attempt to differentiate between their rights

8    under the contract.  The only mention of Dr. Schulz in connection with the contract terms, that

9    "plaintiffs shall be able to host sessions . . . on Dr. Schulz's Personal Computer," (*id.* ¶ 23),

10   indicates at best that ML and Cisco intended to use Dr. Schulz's computer to perform the

11   contracted services.

12           Thus, construing the facts in the FAC in the light most favorable to Plaintiffs, the Court

13   finds that Plaintiffs have failed to state a claim for relief by Dr. Schulz as an intended third party

14   beneficiary of the contract between ML and Cisco.  Because the breach of contractual duties also

15   forms the basis for Dr. Schulz's negligent performance of contractual duties claim, (*see id.* ¶ 53),

16   that claim must also be dismissed because Dr. Schulz is not a party to the underlying contract and

17   has not alleged any independent duty owed to her by Defendants.

18           Defendants' motion to dismiss Dr. Schulz's breach of contract, restitution, and negligent

19   performance of contractual duties claims is GRANTED, with leave to amend on the issue of Dr.

20   Schulz's third party beneficiary standing to assert those claims.

21

22

23   [5] The requested domain in Dr. Schulz's name could also equally be evidence that Dr. Schulz and
     ML are one and the same, in which case the Court is persuaded that "an individual who creates a

24   corporation as the sole shareholder and uses the corporation to sign contracts" should not be
     permitted to enjoy the "benefits of a corporation without the limitation.  *AMESCO Exports, Inc. v.*

25   *Associated Aircraft Mfg. & Sales, Inc.*, 977 F. Supp. 1014, 1016 (C.D. Cal. 1997), *vacated on
     other grounds*, 87 F. Supp. 2d 1013 (C.D. Cal. 1997).  Because the size and nature of ML, Inc. is

26   not clear from the face of the complaint, the Court will not determine at this stage whether this
     reasoning precludes Dr. Schulz from asserting that she is a third part beneficiary to the contract

27   between her corporation and Cisco.

28
     No. 13-cv-04987-BLF
     ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

United States District Court
Northern District of California

1

### C.     ML's Cause of Action for Restitution

2

Defendants contend that ML's claim for restitution based on unjust enrichment should be

3

dismissed because it is not a permissible cause of action under California law.  (Mot. 11-12; Def.'s

4

Reply 3-4, ECF 41)  While the Court acknowledges the divide in the law on the issue, the

5

California courts frequently construe a cause of action labeled as "unjust enrichment" as "a quasi-

6

contract claim seeking restitution."  *See Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal.

7

App. 4th 221, 231 (2014) (construing unjust enrichment claim as one for restitution based on

8

quasi-contract and holding that trial court erred in sustaining demurrer to the claim).  The Court is

9

persuaded that "[r]egardless of whether the claim is labeled one for unjust enrichment, restitution,

10

or some other equitable theory such as quasi-contract or constructive trust, the legal basis for relief

11

is recognized in California law."  *Hendricks v. StarKist Co.*, Case No. 13-CV-729 YGR, 2014 WL

12

1244770, at *11 n.9 (N.D. Cal. Mar. 25, 2014); *cf. Low v. LinkedIn Corp.,* 900 F. Supp. 2d 1010,

13

1031 (N.D. Cal. 2012) (collecting California appellate cases).  Whether ML's allegations of a

14

claim in quasi-contract are sufficient to survive a Rule 12(b)(6) motion to dismiss is another

15

matter.

16

Under California law, restitution may be awarded "in lieu of breach of contract damages

17

when the parties had an express contract, but it was procured by fraud or is unenforceable or

18

ineffective for some reason."  *McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (2004).  If two

19

parties have a valid and enforceable written contract, the plaintiff is not generally permitted to

20

proceed on a claim in quasi-contract.  *See Klein v. Chevron U.S.C., Inc.*, 202 Cal. App. 4th 1342,

21

1388 (2012).  Although a plaintiff may assert inconsistent theories of recovery at the pleading

22

stage, *see* Fed. R. Civ. P. 8(d)(2)-(3), and even inconsistent claims alleging both the existence and

23

the absence of an enforceable contract, *Klein*, 202 Cal. App. 4th at 1389, a plaintiff may not plead

24

the existence of an enforceable contract and maintain a quasi-contract claim at the same time,

25

unless the plaintiff has pled facts suggesting that the contract may be unenforceable or invalid, *id.*

26

*See also World Surveillance Grp. Inc. v. La Jolla Cove Investors, Inc.*, Case No. 13-CV-03455-

27

WHO, 2014 WL 1411249 (N.D. Cal. Apr. 11, 2014) (dismissing claim for restitution based on

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1 │ unjust enrichment where plaintiff explicitly alleged existence of enforceable contract).

2 │      Here, although ML urges that its claim for restitution may be maintained as an alternative

3 │ remedy "in the event the court finds that the Agreement is unenforceable or ineffective," (Opp.

4 │ 13:1-2), the FAC fails to allege any facts upon which an alternative remedy to breach of contract

5 │ may be warranted.  This is because ML's claim for restitution simply "repeat[s] and reallege[s] the

6 │ allegations contained in paragraphs 1 through 41 of [the FAC] as if fully set forth in detail herein,"

7 │ thereby incorporating its allegations of the existence of an enforceable contract at Paragraph 20.

8 │ (FAC ¶ 48)  Nowhere in the FAC has ML alleged that the contract is *not* valid or enforceable.  Just

9 │ as in *Klein v. Chevron*, ML's "pleadings and briefs do not provide any explanation as to why the

10 │ [contract] referenced in their breach of contract claim might be unenforceable or otherwise not

11 │ qualify as a contract."  *Klein*, 202 Cal. App. 4th 1342, 1389.[6]  As such, the express allegations of

12 │ an enforceable contract on the face of the complaint presently preclude ML from asserting a quasi-

13 │ contract claim based on unjust enrichment.

14 │      Defendants' motion to dismiss ML's claim for restitution is therefore GRANTED, with

15 │ leave to amend.

16 │      **D.    ML's Cause of Action for Negligent Performance of Contractual Duties**

17 │      Defendants contend that ML fails to state a claim for negligent performance of contractual

18 │ duties, that any such tort claim is expressly barred by the limitation on liability in the "WebEx

19 │ Terms and Conditions," and that ML has not adequately pled a claim for punitive damages.  (Mot.

20 │ 12-17)  In response, Plaintiffs cite California case law suggesting that negligent performance of

21 │ contractual duties can be pursued in parallel to a breach of contract claim and argue that the

22 │ limitation on liability is unenforceable, and that they have adequately pled a claim for punitive

23 │ damages.  (Opp. 13-21)

24 │

25 │

26 │ ────────────────

27 │ [6] The Court notes that Plaintiffs have also cited *Klein* for a proposition that is contrary to the holding of the case, (*see* Opp. 13:6-7), which holding is again directly applicable to the facts of this case.

28 │

No. 13-cv-04987-BLF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

1

United States District Court
Northern District of California

### i.   Sufficiency of ML's Claim

In order to maintain a claim for negligent performance of contractual duties, ML must allege more than a breach of the contract that forms the basis of Defendants' alleged obligations. ML must overcome the presumption in California law that failure to perform a contractual obligation is never a tort unless it constitutes a failure to perform a duty independent of the contract. *See Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999) (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994)).

Relying on the clear pronouncement of the California Supreme Court in *Erlich,* the Court in *Valenzuela v. ADT Security Services, Inc*., 820 F. Supp. 2d 1061 (C.D. Cal. 2010), held that "tortious breach of contract may be found only when: '(1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion; or (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship or substantial consequential damages.'" *Id.* at 1071-72 (quoting *Erlich*, 21 Cal. 4th 543, at 553–54). It is thus incumbent upon ML to allege sufficient facts to support any of these exceptions to the general rule against tortious breach of contract claims. ML has failed to do so in the FAC, alleging only that "[d]efendants negligently performed their *contractual* duties with plaintiffs." (FAC ¶ 53 (emphasis added))

ML's reliance on *North American Chemical Co. v. Superior Court*, 59 Cal. App. 4th 764 (1997) is unavailing. The California Supreme Court, in *Erlich,* distinguished the holding in *North American Chemical Co.* when it affirmed the general rule against a finding of tortious breach of contract. *See Erlich*, 21 Cal. 4th at 554; *Valenzuela*, 820 F. Supp. 2d at 1072; *see also Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp.*, 143 Cal. App. 4th 1036, 1044 (2006) (recognizing *Erlich* court's limitation of the holding in *North American Chemical Co.*).

Therefore, because ML has failed to allege facts supporting deviation from the general rule against tortious breach of contract claims, the Court GRANTS Defendants' motion to dismiss ML's claim for negligent performance of contractual duties with leave to amend.

10

1

**ii.   Defendants' Limitation on Liability and Punitive Damages Arguments**

2

Because the Court is giving Plaintiffs leave to amend their deficient pleadings, the Court

3

declines to reach the alternative argument against ML's tort claim that Defendants have advanced:

4

namely that ML is precluded from asserting the claim by the limitation on liability clause in the

5

"WebEx Terms and Conditions." (Mot. 15-16; *see* RJN Ex. 2)  As Plaintiffs' position on the

6

enforceability of the contract is unclear from the facts currently alleged in the FAC, the Court

7

cannot at present evaluate whether the limitation on liability will prove fatal to Plaintiffs' properly

8

pled tort claim.

9

On the issue of punitive damages, Defendants have pointed out, and the Court agrees, that

10

the FAC does not contain any factual allegations that would rise to the level of "oppression, fraud,

11

or malice" required to recover exemplary damages under California law.  Cal. Civ. Code § 3294.

12

Plaintiffs do not address this deficiency in their opposition, failing to identify a single allegation in

13

the FAC that supports punitive damages while maintaining the conclusory position that "since

14

Plaintiffs' third cause of action is in tort, then punitive damages are warranted." (Opp. 21:12-13)

15

Since the Court has granted leave to amend their substantive tort claim, however, the Court will

16

permit Plaintiffs to amend their allegations for punitive damages as well.[7]  Should Plaintiffs

17

choose to amend, Plaintiffs are admonished that the factual allegations must support "oppression,

18

fraud, or malice" so as to warrant punitive damages.

19

**IV.   CONCLUSION**

20

For the foregoing reasons, the Court hereby DISMISSES the claims in the First Amended

21

Complaint as follows:

22

1.   Defendant WebEx Communications is DISMISSED, without prejudice, by request

23

of the Plaintiffs;

24

---

25

[7] Although Defendants have identified a case from the Court of Appeals for the Ninth Circuit
suggesting that certain damages allegations may be dismissed under Rule 12(b)(6) where they are

26

precluded as a matter of law, punitive damages are generally permissible when properly pled in
connection with a properly pled tort claim.  As such, the Court is not convinced that *Whittlestone,*

27

*Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010), authorizes the dismissal of a prayer for
punitive damages at this stage in the pleadings.

28

11

2.    All of Dr. Schulz's claims are DISMISSED, with leave to amend on the issue of Dr. Schulz's standing to assert those claims as a third party beneficiary to the contract between ML and Cisco;

3.    ML's claim for restitution based on unjust enrichment/quasi-contract is DISMISSED, with leave to amend;

4.    ML's claim for negligent performance of contractual duties is DISMISSED, with leave to amend.

Any amended complaint shall be filed no later than **June 10, 2014**.

**IT IS SO ORDERED.**

Dated: May 20, 2014

BETH LABSON FREEMAN
United States District Judge

No. 13-cv-04987-BLF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

United States District Court
Northern District of California